14 F.3d 613
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Eugene D. MESSERSCHMIDT, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5185.
 United States Court of Appeals, Federal Circuit.
 Nov. 23, 1993.
 
 Before RICH, ARCHER and MAYER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Eugene Messerschmidt appeals from the summary judgment of the United States Court of Federal Claims, No. 642-89C, August 5, 1993, holding Messerschmidt's U.S. patent no. 4,134,560 (the '560 patent) invalid under 35 U.S.C. Secs. 102, 103, and 112, second paragraph and not infringed and denying Messerschmidt's motion for summary judgment of patent infringement of said patent. We affirm.
 
 DISCUSSION
 
 2
 Messerschmidt brought this patent infringement suit against the United States seeking compensation under 28 U.S.C. Sec. 1498 for the unauthorized use of the '560 patent. The patent describes a helicopter control device that uses a single control stick to accomplish the four conventional helicopter controls (pitch, roll, heave, and yaw). Messerschmidt contends the United States and its contractors have infringed the '560 patent by the development of computer-aided four-axis helicopter control systems.
 
 
 3
 In ruling on the government's motion, the court determined that claims 1 to 3 of the '560 patent were anticipated under 35 U.S.C. Sec. 102(a) and that all the claims of the '560 patent were invalid for obviousness under 35 U.S.C. Sec. 103 and for indefiniteness under 35 U.S.C. Sec. 112, second paragraph. In addition, the court found no infringement, either literally or under the doctrine of equivalents, of the '560 patent claims by any of the accused devices.
 
 
 4
 On appeal, Messerschmidt specifically challenges the merits of the Court of Federal Claims decision only as to obviousness and indefiniteness and does not present any argument on anticipation. Messerschmidt argues that the court improperly considered more than the claims of the prior art patents in holding that the claims of the '560 patent would have been obvious and that the prior art does not teach his invention. Messerschmidt also challenges the court's reliance on extrinsic evidence in finding the claims of the '560 patent indefinite under section 112.
 
 
 5
 After reviewing the record and the decision below, we discern no reversible error. The court's legal analysis and conclusions are entirely consistent with our precedent and its factual findings are supported in the record. With respect to its obviousness analysis, the court properly applied the prior art against the claims. A prior art reference must be considered for all that it teaches and not just for the particular invention it describes or claims. EWP Corp. v. Reliance Universal, Inc., 755 F.2d 898, 907, 225 USPQ 20, 25 (Fed.Cir.1985). Messerschmidt's contentions on appeal as to what the prior art does or does not teach are equally unpersuasive given the numerous and substantial admissions made by Messerschmidt during the course of the proceedings below.
 
 
 6
 Because we affirm the court's determination that claims 1 to 5 are invalid for obviousness and because Messerschmidt has not contested the court's finding that claims 1 to 3 are anticipated, we need not reach the question of whether the claims are also invalid for indefiniteness.
 
 
 7
 We have carefully considered Messerschmidt's other arguments, which largely deal with alleged procedural improprieties in the proceedings below, and find them to be without merit. We therefore affirm the judgment of the Court of Federal Claims.